IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Sarah O., | ) |
|     *Plaintiff*, | ) ) ) |
| v. | ) Case No. 3:23-cv-50045 ) |
| Martin J. O'Malley, Commissioner of Social Security, | ) Magistrate Judge Lisa A. Jensen ) ) ) |
|     *Defendant*. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sarah O. brings this action under 42 U.S.C. § 405(g) seeking a remand of the decision denying her social security benefits.[1] For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

**I. Background**

In September 2016, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging a disability beginning on September 24, 2015 because of bipolar disorder, anxiety disorder, panic disorder, and obsessive-compulsive disorder. R. 171, 247, 254. Plaintiff was 36 years old on her alleged onset date.

Plaintiff has a long history of treatment for her mental health issues. At Plaintiff's last two jobs, she took family medical leave intermittently because of her mental impairments. Plaintiff last worked in 2015 as a production machine tender. Plaintiff was fired on her alleged onset date because she had an issue with a coworker and management. Plaintiff alleged that after she lost her job, her mental impairments got worse, and she was unable to continue working. Plaintiff

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 5.

1

attempted to work as a delivery driver in November 2015, but she quit after one day because she could not perform her job duties due to anxiety.

Following a hearing, an administrative law judge ("ALJ") issued a decision in March 2019, finding that Plaintiff was not disabled. R. 52-61. The ALJ found that Plaintiff had the severe impairments of bipolar disorder and anxiety. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertion levels with certain non-exertional limitations and could perform her past relevant work as a conveyor feeder (medium, unskilled work) and production machine tender (medium, semi-skilled work).

Plaintiff subsequently challenged the ALJ's decision in the district court. In December 2021, this Court remanded the case for a new decision. R. 584–93. This Court directed the ALJ to reevaluate the RFC determination and provide a sufficient explanation and support for excluding the limitations identified by the state agency reviewing psychologist in the narrative portion of his opinion and the evaluation of Plaintiff's subjective symptoms in light of Plaintiff's treatment history and external stressors.

Following remand, on October 6, 2022, Plaintiff testified at another hearing before the same ALJ that issued the first decision. On October 27, 2022, the ALJ issued a second decision again finding that Plaintiff was not disabled. R. 482–506. The ALJ found that in addition to severe bipolar disorder and anxiety, Plaintiff also had the severe impairments of obsessive-compulsive disorder, borderline personality disorder, and posttraumatic stress disorder. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the RFC to perform a full range of work at all exertion levels but with the following non-exertional limitations:

> the claimant can understand, remember, and carry out simple work instructions, and she is able to sustain the necessary attention and concentration in two-hour increments throughout the day to sustain simple job duties assuming typical workday breaks. She can make simple work-related decisions and she can respond appropriately to supervision, but she can work occasionally with coworkers with no tandem work or teamwork. The claimant can work occasionally with the general public that is brief and superficial. She should work primarily with things and not people. The claimant should work in a routine work setting with no more than occasional changes in the work. She should not perform fast-paced production work or work with strict production quotas (such as when a machine has set a rigid pace) but should work in an environment where there is an end of day production goal.

R. 488. The ALJ determined that Plaintiff could not perform her past relevant work but there were other jobs that existed in significant numbers in the national economy that she could perform, namely medium, unskilled jobs. On February 6, 2023, Plaintiff filed the instant action seeking review of the ALJ's decision. Dkt. 1.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

Plaintiff challenges the ALJ's RFC determination as insufficient to incorporate the full extent of her mental limitations. Plaintiff argues that the ALJ: (1) failed to incorporate all the limitations identified by the state agency reviewing psychologists in the narrative and checkbox sections of their assessment or sufficiently explain her reasons for not including those limitations; and (2) improperly discounted the opinion of her treating psychiatrist, Dr. Desiree Rahman. For the reasons discussed below, this Court agrees that another remand is required for the ALJ to properly explain the basis for the RFC determination at it relates to Plaintiff's ability to interact with supervisors.

A claimant's RFC is the maximum work she can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); SSR 96-8p, 1996 WL 374184, at *2. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history, medical findings and opinions, reports of daily activities, and the effects of the claimant's symptoms and treatment. 20 C.F.R. § 404.1545(a)(3); SSR 96-8p, 1996 WL 374184, at *5. "Although the responsibility for the RFC assessment belongs to the ALJ, not a physician, an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005)). "Essentially, an ALJ's RFC analysis 'must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations.'" *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (quoting *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)).

Here, the ALJ found that Plaintiff had severe mental impairments that resulted in a moderate limitation in her ability to interact with others. In formulating Plaintiff's RFC, the ALJ

gave "significant weight" to the opinions of the state agency reviewing psychologists, R. 501–02, while giving little weight to the other opinions in the record from Plaintiff's treating psychiatrist, therapist, and roommate. Accordingly, the ALJ's evaluation of the reviewing psychologists' opinions is critical to understanding the RFC determination.

In 2017, the state agency reviewing psychologists assessed Plaintiff's mental RFC at the initial and reconsideration levels and found that Plaintiff suffered from severe depressive, bipolar, and related disorders, along with anxiety and obsessive-compulsive disorders. R. 123, 147. They determined that Plaintiff's impairments resulted in moderate limitations relating to her ability to interact with others; concentrate, persist, and maintain pace; and adapt or manage herself. In the checkbox section of the mental RFC assessment, the psychologists found Plaintiff had moderate limitations in the following areas: carrying out detailed instructions; maintaining attention and concentration for extended periods; working in coordination with or in proximity to others without being distracted; completing a normal workday without interruptions from psychologically based symptoms and performing at a consistence pace without an unreasonable number and length of rest periods; interacting appropriately with the general public; accepting instructions and responding appropriately to criticism from supervisors; getting along with coworkers or peers without distracting them or exhibiting behavioral extremes; maintaining socially appropriate behavior; and traveling in unfamiliar places. In the narrative section of the assessment, the psychologists explained that Plaintiff "retains the functional capacity to engage in reduced stress simple and routine unskilled vocational activities of a 1 and 2 step requirement. Limited direct and demanding social interactions with general public is recommended." R. 127, 151.

The ALJ gave "significant weight to these opinions in that they restrict the claimant to unskilled work with social restrictions, which is supported by and consistent with the evidence of

5

record." R. 501. In relying on these opinions, the ALJ formulated an RFC where Plaintiff could "respond appropriately to supervision, but she can work occasionally with coworkers with no tandem work or teamwork. The claimant can work occasionally with the general public that is brief and superficial. She should work primarily with things and not people." R. 488.

Plaintiff argues that the ALJ impermissibly erred by ignoring the moderate limitations in the checkbox section of the reviewing psychologists' opinions in determining that she had no limitations in her ability to interact with supervisors throughout a typical workday. This Court agrees that substantial evidence does not support the ALJ's RFC determination.

The reviewing psychologists, and the ALJ, found that Plaintiff's severe mental impairments caused moderate limitations in interacting with others. The regulations explain that this area of mental functioning "refers to the abilities to relate to and work with supervisors, co-workers, and the public." 20 C.F.R. Part 404, Subpt. P, App. 1 § 12.00(E)(2). In her opinion, the ALJ gave significant weight to the reviewing psychologists' opinions, but her RFC determination only credited Plaintiff's social limitations as it related coworkers and the public. The ALJ said nothing about Plaintiff's ability to interact with supervisors throughout the workday, other than to conclude in the RFC that Plaintiff can "respond appropriately to supervision." R. 488. The ALJ made no attempt to address why Plaintiff's moderate limitations in her ability to accept instructions and respond appropriately to criticism from supervisors and maintain socially appropriate behavior did not require an RFC limitation relating to supervisors. *See Leesa S. v. Kijakazi*, No. 20 CV 1874, 2023 WL 2186010 at *4–5 (N.D. Ill. Feb. 23, 2023) (remanding where ALJ gave significant weight to state agency psychologists' opinions but failed to incorporate the opinions' specific limitations in interacting with others into the RFC).

The Commissioner argues that the ALJ "reasonably declined to wholly adopt the limitations in any of the opinions addressing plaintiff's mental limitations because no opinion was fully supported by plaintiff's medical records." Def.'s Resp. at 4, Dkt. 19. Yet, the ALJ found the reviewing psychologists' opinions "generally consistent with the overall record, including more recent records, which in fact may reflect some level of increased functionality since the claimant had been in ongoing therapy with some improvement and skills in coping since 2018." R. 502. The ALJ explained that:

> great weight cannot be accorded these opinions simply because they do not detail the more specific limitations as documented by the record, taking the claimant's testimony into careful consideration, but significant weight is accorded the opinions, as the undersigned also finds that the claimant is limited to simple tasks that result in an unskilled range of work with limited contact with the public, but also with coworkers and other limitations not addressed by the consultants but supported by the record.

R. 502.

The ALJ determined that the record warranted additional limitations not addressed by the reviewing psychologists, not less restrictive limitations. Yet, contrary to the reviewing psychologists' moderate limitations relating to supervisors, and without explanation, the ALJ found that Plaintiff had no limitations in her ability to interact with supervisors. *See Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) (finding decision cannot be upheld where ALJ fails to build logical bridge between facts of the case and the outcome, due to contradictions or missing premises). "While the ALJ was not required to adopt the state agency psychologist's opinion in its entirety, [she] was required to build a 'logical bridge from the evidence to [her] conclusion.'" *Mack v. Berryhill*, No. 16 CV 11578, 2018 WL 3533270, at *3 (N.D. Ill. July 23, 2018) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)). The ALJ did not do so here.

7

Nevertheless, the Commissioner argues that the ALJ appropriately relied on the reviewing psychologists' narrative RFC explanation, rather than the checkbox section, because the narrative RFC adequately translates the checkbox limitations. The Seventh Circuit has found that an ALJ can reasonably "rely on a doctor's narrative RFC, rather than the checkboxes, where that narrative adequately encapsulates and translates those worksheet observations." *Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015); *see also Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021) (an ALJ may rely on a consultant's narrative assessment if it expresses limitations consistent with the consultant's "checklist" ratings). However, the Commissioner merely concludes, without explanation, that the reviewing psychologists adequately translated Plaintiff's moderate limitation in accepting instructions and responding appropriately to criticism from supervisors into a narrative RFC that Plaintiff could "engage in reduced stress simple and routine unskilled vocational activities of a 1 and 2 step requirement. Limited direct and demanding social interactions with general public is recommended." R. 127, 151. Without explanation, it is not clear to this Court that the narrative RFC "adequately encapsulates and translates" the checkbox limitations relating to supervisors. *Varga*, 794 F.3d at 816.

As Plaintiff points out, "even if an ALJ may rely on a narrative explanation, the ALJ must still adequately account for limitations identified elsewhere in the record, including specific questions raised in check-box sections of the forms." *Decamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019). "Worksheet observations, while perhaps less useful to an ALJ than a doctor's narrative RFC assessment, are nonetheless medical evidence which cannot just be ignored." *Varga*, 794 F.3d at 816.

In evaluating the reviewing psychologists' opinions, the ALJ specifically mentions their moderate checkbox limitations relating to Plaintiff's understanding, memory, concentration, and

8

pace but never mentions their limitation relating to supervisors. The ALJ even goes so far as to state that the reviewing psychologists' narrative RFC "further explains the claimant should have a predicable, routine work setting but with *reduced social interactions*." R. 501 (emphasis added). But again, the ALJ's RFC only limits Plaintiff's interaction with coworkers and the public with no explanation for why she found Plaintiff capable of responding appropriately to supervision.

"While a mild, or even a moderate, limitation in an area of mental functioning does not *necessarily* prevent an individual from securing gainful employment, [ ] the ALJ must still affirmatively *evaluate* the effect such [] limitations have on the claimant's RFC." *Simon-Leveque v. Colvin*, 229 F. Supp. 3d 778, 787 (N.D. Ill. 2017) (emphasis in original) (internal citation omitted). Yet, the ALJ chose to reject a portion of those moderate limitations in the RFC without any explanation of how the evidence supports limiting Plaintiff's interactions with only coworkers and the public. Without this explanation, the ALJ failed to build a logical bridge between the evidence and her RFC determination. *See Jarnutowski*, 48 F.4th at 773 ("[E]ven under this deferential standard of review, an ALJ must provide a logical bridge between the evidence and [his] conclusions.") (internal quotation marks and citation omitted). Accordingly, a remand is required for further consideration of Plaintiff's RFC as it relates to her limitations in interacting with supervisors. In remanding this case, the Court is not indicating that a particular result should be reached on remand. Instead, the ALJ must consider all the evidence relating to Plaintiff's mental impairments and sufficiently explain her reasons for the RFC limitations.

In light of this Court's remand for a new RFC determination, it will not address Plaintiff's remaining arguments. However, on remand any decision to reject the reviewing psychologists' limitations for reduced stress and 1 to 2 step tasks must be supported by substantial evidence. The ALJ rejected both limitations, in part, because they were unclear. It would benefit the ALJ to seek

9

clarification to ensure that the RFC adequately accommodates all of Plaintiff's mental limitations. *See Kevin W. v. Kijakazi*, 20-CV-6557, 2023 WL 35178, at *4 (N.D. Ill. Jan. 4, 2023) (rejecting the ALJ's assertion that a one and two step restriction is vague). The ALJ also rejected the 1 and 2 step limitation as "shorthand for unskilled work." Dkt. 501. However, the reviewing psychologists specifically limited Plaintiff to "unskilled vocational activities of a 1 and 2 step requirement." R. 127, 151. There is no indication that the reviewing psychologists intended to only limit Plaintiff to unskilled, simple work when it does not necessarily eliminate tasks requiring more than 2 steps. *See Deborah B. v. Kijakazi*, No. 20-CV-7729, 2022 WL 1292249, at *2 (N.D. Ill. Apr. 29, 2022) (finding "the limitation to one-to-two step tasks is more restrictive than just the limitation to simple work").

On remand, the ALJ should also take the opportunity to further explain why she partially discounted Plaintiff's functional limitations related to social anxiety and stress. Throughout her opinion, including when discounting Plaintiff's treating psychiatrist's opinion, the ALJ found that "despite social anxiety, irritability, agitation, and stress related to social relationships, the claimant generally maintained a wide network of family and some friends." R. 502. It is unclear how Plaintiff's ability to interact with family and friends, which the ALJ admits was often strained, undermines her limitations caused by interacting with strangers in a work environment. Accordingly, the ALJ should further explain her reasons for discounting Plaintiff's functional limitations based on these relationships.

Any remaining issues not addressed herein can be considered on remand. Plaintiff's counsel should raise all such issues with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceeding consistent with this opinion.

Date: March 25, 2024  By: _/s/ Lisa A. Jensen_
Lisa A. Jensen
United States Magistrate Judge